# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: October 2, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| LINDA D. KOOKER , | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 18-453V |
| | * | |
| v. | * | |
| | * | Special Master Gowen |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Motion for Dismissal Decision; |
| | * | Influenza ("flu"); Shoulder Injury |
| Respondent. | * | Related to Vaccine Administration |
| | * | ("SIRVA"). |
| * * * * * * * * * * * * * | | |

*Laurie C. TeWinkle,* Law Offices of L.C. TeWinkle, LLC, Erie, PA, for petitioner
*Robert C. Coleman,* United States Department of Justice, Washington, D.C., for respondent.

## DECISION[1]

On March 28, 2018, Linda Kooker ("petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of receiving an influenza vaccine on December 2, 2016. Petition at Preamble. The information in the record does not establish entitlement to compensation.

On October 2, 2019, petitioner filed a motion for a decision dismissing the petition pursuant to Rule 21(a). Petitioner's Motion ("Pet. Mot.") (ECF No. 33). Petitioner avers that an investigation of the facts and science supporting her case has demonstrated that after a full investigation she will be unable to prove that she is entitled to compensation in the Vaccine Program. *Id.* at ¶ 1. Petitioner recognizes that to proceed further would be unreasonable and

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. §300aa of the Act.

would waste the resources of the Court, the respondent and the Vaccine program. *Id.* at ¶ 2. Petitioner understands that a decision by the Special Master dismissing her petition will result in a judgment that will end all of her rights in the Vaccine Program. *Id.* at ¶ 3. Petitioner understands that she may apply for fees and costs once the case is dismissed and judgment is entered against her. *Id.* at ¶ 4. Respondent expressly reserves the right to question the good faith and reasonable basis of this claim and to oppose, if appropriate, petitioner's application for fees and costs. *Id.* Respondent otherwise does not oppose this motion. Petitioner intends to protect her rights to file a civil action in the future. Therefore, pursuant to § 300aa-21(a)(2), petitioner intends to elect to reject the Vaccine Program judgment and elect to file a civil action. *Id.* at ¶ 5.

To receive compensation in the Vaccine Program, petitioner has the burden of proving either: (1) that petitioner suffered a "Table Injury," i.e. an injury beginning with a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table (a "Table injury") or (2) that petitioner suffered an injury that was caused-in-fact by a covered vaccine. §§ 13(a)(1)(A); 11(c)(1). Moreover, under the Vaccine Act, the Vaccine Program may not award compensation based on petitioner's claims alone. Rather, petitioner must support the claim with either medical records or the opinion of a competent medical expert. §13(a)(1). In this case, petitioner has not alleged nor does the record reflect a Table injury. With regard to an off-Table injury, petitioner has not provided sufficient medical records or expert opinion(s) which support a finding of entitlement. Accordingly, petitioner has not met her burden of proof.

**Thus, petitioner's motion is GRANTED. This matter is DISMISSED for insufficient proof. The Clerk of the Court shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).