# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| LINDA D. KOOKER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 18-453V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Attorneys' Fees and Costs; |
| | * | Voluntary Dismissal. |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

*Laurie C. TeWinkle*, Law Offices of L.C. TeWinkle, LLC, Erie, PA, for petitioner.
*Robert P. Coleman*, Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 7, 2019, Linda Kooker ("petitioner"), filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees. App.") (ECF No. 36). For the reasons discussed below, I **GRANT**, petitioner's motion for attorneys' fees and costs and award a total of $6,756.45.

### I.      Procedural History

On June 7, 2016, Linda Kooker ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged as a result of an influenza ("flu") vaccine she received on December 2, 2016, she developed left shoulder adhesive capsulitis. Petition at ¶ 8. On October 2, 2019, petitioner filed a motion for a decision dismissing the

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. §300aa of the Act.

petition. ECF No. 33. The undersigned granted petitioner's motion and petitioner's claim was thereafter dismissed for insufficient proof. Decision (ECF No. 35).

On October 7, 2019, petitioner filed an application for attorneys' fees and costs. Fees. App. Petitioner requests a total attorneys' fees and costs in the amount of $6,756.45 (representing $350 in attorneys' fees and $946.45 in costs.) Fees App. at ¶ 2. Respondent responded to the motion on October 18, 2019 stating, "Respondent defers to the Special Master to determine whether the statutory requirements for an award of attorneys' fees and costs are met in this case," and if so requests the undersigned "determine a reasonable award for attorneys' fees and costs. Respondent's Response (Resp. Response") at 3, 5 (ECF No. 37).

This matter is now ripe for adjudication.

I. **Legal Standard**

Under Section 15(e) of the Vaccine Act, a special master "may" award reasonable attorneys' fees and costs "if the special master determines that the petition was brought in good faith and there was a reasonable basis for which the petition was brought" even when a petition does not result in compensation for petitioner. 42 U.S.C. § 300aa-15(e)(1).

The Vaccine Act permits an award of "reasonable" attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). The Federal Circuit has approved the use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines the reasonable hourly rate, which is then applied to the number of hours reasonably expended on the litigation. *Id.* at 1347-58 (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n.1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008). Special masters may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson*, 24 Cl. Ct., *aff'd in relevant part*, 988 F.2d 131 (Fed Cir. 1993) (per curiam).

II. **Analysis**

I find no reason to doubt the good faith and reasonable basis for which the claim was brought. Petitioner asserted that she suffered left shoulder adhesive capsulitis as a result of receiving the flu vaccine. Petition at ¶ 8. On March 3, 2017, three months after receiving the flu vaccine, petitioner reported to her primary care physician that she was experiencing pain in her left shoulder for the first time. *See* Scheduling Order (ECF No. 31). However, while petitioner

endorsed that she experienced pain immediately after receiving the flu vaccine in her affidavit, there was still a substantial amount of time that passed between the vaccine and first reported pain to a medical professional. *Id.* at 2. I recommended that petitioner's counsel consult with her client to discuss dismissing the claim. *Id*. at 3. Petitioner filed the motion to dismiss the petition within a reasonable time after the status conference, thus not utilizing more of the Court or respondent's time in litigating the case.

Although it appeared unlikely that petitioner would be entitled to recovery after a careful review of the case, including the medical records and expert reports filed, I find that petitioner initially had evidence of a medical condition that could be caused by vaccination. Additionally, by dismissing the claim after a review of the facts at the status conference, the amount of fees and costs were limited. Accordingly, I find that petitioner should be awarded reasonable attorneys' fees and costs.

### III.     Reasonable Attorneys' Fees and Costs

#### A.  Hourly Rate

Petitioner requests compensation for her attorney, Ms. Laurie TeWinkle. Pet. Fees App. at 1. Petitioner requests Ms. TeWinkle be compensated at a rate of $350.00 per hour for work done in 2017-2019. Fees App. Exhibit ("Ex.") 3.

Ms. TeWinkle has been awarded these attorney rates by other special masters in the Vaccine Program. *See Smith. Sec'y of Health & Human Servs.,* No. 15-1379, 2016 WL 3704925 (Fed. Cl. Spec. Mstr. June 2, 2016). As a result, I find the requested attorney rates to be reasonable and will award those hourly rates in full.

#### B.  Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant or otherwise unnecessary. *See Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1521 (Fed. Cir. 1993). As the Secretary did specifically object to the number of hours petitioner requests, I have reviewed the fee application for its reasonableness. *See McIntosh v. Sec'y of Health & Human Servs.,* 139 Fed. Cl. 238 (2018). A line-by-line evaluation of the invoiced hours is not required; instead I may rely on my experience to evaluate the reasonableness of the hours expended. *Wasson*, 24 Cl. Ct. at 484. Petitioner requests a total of $5,810.00 in attorneys' fees for 16.6 hours of work performed by Ms. TeWinkle. Given that petitioner's counsel was responsive to the Court's recommendation to dismiss and did so in a timely manner, I find that the hours billed are reasonable and no reductions are necessary. **Accordingly, petitioner is awarded attorneys' fees in the amount of $5,810.00.**

#### C.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement for costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $12,746.01 in costs. This request includes the cost of filing the petition, obtaining medical

records, and postage. These costs are typical of the expenses in the Vaccine Program. Additionally, counsel provided receipts and invoices related to these costs. **Accordingly, petitioner is awarded attorneys' costs in the amount of $946.45.**

### IV.  Conclusion

In accordance with the foregoing, petitioner's application for attorneys' fees and costs is **GRANTED. Accordingly, I will award the following:**

1) **A lump sum in the amount of $6,756.45, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and her counsel, Laurie TeWinkle.**

In absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith. [3]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).